UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR BOWLES,<br><br>            Plaintiff,<br>   v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:24-cv-01642-TL<br><br>ORDER ON MOTION TO DISMISS |

This is an action by an insured against their insurer for damages for breach of contract, breach of the duty of good faith, and breach of fiduciary duty. This matter is before the Court on Defendant Allstate Vehicle and Property Insurance Company's Motion to Dismiss. Dkt. No. 7. Having reviewed Plaintiff Trevor Bowles's response (Dkt. No. 13), Defendant's reply (Dkt. No. 14), and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

Plaintiff is the owner of a residence located in Enumclaw, Washington. Dkt. No. 1 ¶ 1. Defendant is a foreign insurance company with its principal office located in Illinois. *Id.* ¶ 2.

Plaintiff purchased an insurance policy from Defendant that covered his residence in Enumclaw. *Id.* ¶ 5. On July 12, 2023, that property experienced vandalism and water damage in an alleged amount of $180,000. *Id.* Pursuant to Plaintiff's insurance policy, Defendant had a contractual duty to properly investigate the loss, determine the coverage, and pay the amount. *Id.* ¶ 6. Plaintiff alleges that Defendant unreasonably refused to pay the full extent of the loss (Defendant has only made a partial payment) and has failed to share an expert report on the structure of the home, as well as other relevant information. *Id.* ¶ 7.

In the Complaint, Plaintiff asserts claims for breach of contract, breach of the duty of good faith and breach of fiduciary duty. *See* Dkt. No. 1 ¶¶ 4–18. In its motion,[1] Defendant argues that Washington law does not acknowledge a claim of breach of fiduciary duty in the insurance context and, therefore, the claim should be dismissed. Dkt. No. 7 at 1–2. Plaintiff also filed a motion to amend the Complaint, which remains pending. *See* Dkt. Nos. 21, 23.

## II.   LEGAL STANDARD

A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the Court takes all well-pleaded factual allegations as true and considers whether the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Plaintiff asserts that Defendant did not confer in good faith before filing the motion. *See* Dkt. No. 13 at 13–14. However, based on Defendant's representations, including a declaration and documentary evidence (*see* Dkt. No. 15), the Court finds that Defendant's counsel did, in good faith, confer with or attempt to confer with Plaintiff's counsel.

misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . . 12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

### III.   DISCUSSION

First, Defendant argues that Plaintiff's claim for breach of fiduciary duty is incognizable against insurers under Washington law due to the "quasi-fiduciary" relationship between insurer and insured. Dkt. No. 7 at 4–5. Second, Defendant argues that a claim for breach of the quasi-fiduciary duty is duplicative of a claim for breach of the duty of good faith. Dkt. No. 7 at 5–8. The Court considers each argument in turn.

**A.   Relationship Between Insurer and Insured**

To plead a claim for breach of fiduciary duty, the plaintiff must prove that a fiduciary relationship exists. *See Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 110 Wn. App. 412, 433, 40 P.3d 1206 (2002). Defendant argues that a "true" fiduciary relationship does not exist in the insurance context, and therefore no breach of fiduciary duty can exist. *See* Dkt. No. 7 at 4–5. In opposition, Plaintiff argues that "an insurer owes its insureds a fiduciary obligation beyond mere good faith and fair dealing." Dkt. No. 13 at 3.

Washington courts have characterized an insurer's duty of good faith as one that comes from a kind of fiduciary relationship. *See Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 7115 P.2d 1133 (1986). *Tank* explains that "[t]his fiduciary relationship, as the basis of an insurer's duty of good faith, implies more than the 'honesty and lawfulness of purpose' . . . [i]t implies 'a broad obligation of fair dealing' and a responsibility to give 'equal consideration' to the insured's interests." *Id.* at 385 (quoting *Tyler v. Grange Ins. Ass'n*, 3 Wn. App. 167, 173,

177, 473 P.2d 193 (1970)). However, the question here is not whether the insurer has *any* fiduciary relationship with the insured, but whether it is a traditional fiduciary relationship or something other than that.

The characterization by Washington courts of the insurer's fiduciary duty has at times been muddled and unclear. However, several cases after *Tank* attempted to clarify that this relationship is something other than a "true" fiduciary relationship, such as a quasi-fiduciary relationship. *See Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 389, 823 P.2d 499 (1992) ("It is clear from the language of *Tank*, however, that the fiduciary relationship between an insurer and an insured is not a true fiduciary relationship."); *see also Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 16 P.3d 574 (2001) (stating that the court of appeals correctly defined the relationship between insurer and insured as quasi-fiduciary). The *Butler* court noted that under a true fiduciary relationship, the insurer would have to place the insured's interests above its own. *Butler*, 118 Wn.2d at 389. However, the court understood *Tank* to hold that while the insured must be given equal consideration, the insurer is not required to put the insured above itself. *Id.* This language indicates that something other than a true fiduciary relationship exists. *Id.*[2]

Defendant, using the cases above, argues that a relationship between an insurer and insured is quasi-fiduciary and not a true fiduciary relationship, which precludes an independent breach-of-fiduciary-duty claim. *See* Dkt. No. 7 at 4. Plaintiff appears to have misunderstood

---

[2] Plaintiff contends that Defendant's reliance on *Butler* is incorrect because *Butler* is a flawed case (for deviating from the rule established in *Tyler* and *Tank*) and its holding is an outlier. Dkt. No. 13 at 9. However, *Butler* relied on both *Tank* and *Tyler* in rejecting the argument that a "true" fiduciary relationship exists. *Butler*, 118 Wn.2d at 389. Furthermore, *Butler* is apparently not an outlier, as later cases—including cases cited by Plaintiff—cited *Butler* and *Tank* to affirm that a quasi-fiduciary relationship exists instead. *See* Dkt. No. 13 at 11–12; *see, e.g.*, *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 280, 961 P.2d 933 (1998); *McGreevy v. Or. Mut. Ins. Co.*, 128 Wn.2d 26, 36, 904 P.2d 731 (1995); *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 696, 295 P.3d 239 (2013); *Barriga Figueroa v. Prieto Mariscal*, 193 Wn.2d 404, 411–12, 441 P.3d 818 (2019). The holding that a quasi-fiduciary relationship exists between an insurer and an insured is also consistent with other jurisdictions. *See St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 130 n.3, 196 P.3d 664 (2008).

Defendant's argument, contending that Defendant "tries to say that the duty of good faith and fair dealing is the same duty as the fiduciary duty that it claims does not exist." Dkt. No. 13 at 3. This misunderstanding has led Plaintiff to cite several cases that recognize *some* type of fiduciary relationship between the insurer and the insured. *See* Dkt. No. 13 at 3–9; *see, e.g.*, *Tank*, 105 Wn.2d at 385; *Van Noy*, 142 Wn.2d at 793–94; *Dussault ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*, 123 Wn. App. 863, 869, 99 P.3d 1256 (2004) (citing *Tank* to reemphasize that a fiduciary relationship exists); *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wn.2d 269, 280, 961 P.2d 933 (1998) (holding that there is a general duty of good faith for insurers that stems from the fiduciary relationship with the insured, as explained in *Tank*).

The Court understands the Parties to agree that some type of fiduciary relationship exists between an insurer and its insured, even if they disagree on its precise nature. However, even some of the cases cited by Plaintiff specifically describe the relationship between an insurer and insured as "quasi-fiduciary." *See, e.g.*, *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 698, 295 P.3d 239 (2013) (stating that first-party bad-faith claims in the insurance context are unique because an insurer has a quasi-fiduciary duty to its insured); *Barriga Figueroa v. Prieto Mariscal*, 193 Wn.2d 404, 412, 441 P.3d 818 (2019) (stating that under Washington law, insurer and insured are in a quasi-fiduciary relationship). The Court ultimately understands Washington law to recognize that a "quasi-fiduciary" relationship exists, rather than a "true" fiduciary relationship, between an insurer and its insured.

**B.      Whether Plaintiff's Claims Are Duplicative**

Defendant argues that the quasi-fiduciary duty of an insurer to its insured is encompassed by the insurer's contractual duty of good faith. Dkt. No. 7 at 5–7. Further, Defendant argues that courts have routinely dismissed fiduciary-duty claims because they are duplicative of bad-faith claims. Dkt. No. 7 at 7–8. Plaintiff does not appear to address this argument, though Plaintiff

states that "a review of the Washington appellate cases . . . reveals that the duty of good faith and fair dealing *emanates* from the fiduciary duty that insurers in Washington owe their policyholders." Dkt. No. 13 at 3 (emphasis added).

In *Van Noy*, Justice Talmadge stated in a concurring opinion that an insurer did not owe a fiduciary duty in a first-party insurance context, but rather, *only* a duty of good faith. 142 Wn.2d at 800. Using the reasoning in *Tank*, the majority responded to Justice Talmadge, stating that "we have long held that the duty of the insurer to act in good faith toward the insured is the *same* as the fiduciary relationship that the insurer has to the insured." *Id.* at 793 n.2 (emphasis added); *see also Tank*, 105 Wn.2d at 385 ("[W]hether a good faith duty in the realm of insurance is cast in the affirmative or the negative, the source of the duty is the same . . . [which] is the fiduciary relationship existing between the insurer and insured."). Still, the majority indicated that even though it doubted that the duty of good faith differed from a fiduciary duty, it "disagree[d] with the notion that an insurer only has a duty of 'good faith.'" *Van Noy*, 142 Wn.2d at 793 n.2.

Ultimately, *Van Noy* did not directly address the issue of whether an insured can maintain two separate claims for breach of fiduciary duty and breach of duty of good faith. The decision thus left an open door suggesting that a plaintiff may proceed under both theories. However, this door has largely not been chosen since *Van Noy*, as most courts to examine the issue have dismissed breach-of-fiduciary-duty claims as duplicative. *See, e.g.*, *Metro. Grp. Prop. & Cas. Ins. Co. v. Fite*, 738 F. Supp. 3d 1371, 1382 n.8 (W.D. Wash. 2024) ("Claims against insurers for both breach of fiduciary duty and breach of duty of good faith are duplicative."); *Bryant v. Country Life Ins. Co.*, 414 F. Supp. 2d 981, 1003 (W.D. Wash. 2006) (relying on *Van Noy* to dismiss a breach of fiduciary duty claim, holding that the claims "for breach of fiduciary duty are merely its bad faith claims under another name"); *O'Malley v. Grp. Health Co-op. of Puget Sound*, 109 Wn. App. 1026, 2001 WL 1515874, at *2 (2001) ("An insurer's fiduciary duty is the

ORDER ON MOTION TO DISMISS - 6

equivalent of its duty to act in good faith."). Indeed, it appears Washington courts have not yet recognized a breach of fiduciary duty as an independent claim in the insurance context. *See, e.g.*, *Baker v. Phoenix Ins. Co.*, No. C12-1788, 2014 WL 241882, at *3 (W.D. Wash. Jan. 22, 2014) ("Washington courts have yet to recognize a claim for breach of fiduciary duty by an insured against an insurer"); *Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13-1106, 2014 WL 1494030, at *7 (W.D. Wash. Apr. 16, 2014) ("Plaintiff's claim for breach of fiduciary duty fails as a matter of law because no Washington court has recognized a claim for breach of fiduciary duty by an insured."); *Neyens v. Am. Family Mut. Ins. Co.*, No. C12-1038, 2012 WL 5499870, at *2 (W.D. Wash. Nov. 13, 2012) (stating that it "will not blaze a new path for Washington law where the case law suggests it should not"). The Court finds the reasoning of these decisions persuasive.

Further, Plaintiff fails to explain how its claim for breach of fiduciary duty differs from its claim for breach of the duty of good faith. Defendant points out that Plaintiff has alleged no facts that distinguish these two claims. Dkt. No. 7 at 3 ("Plaintiff alleges almost identical language [and basis] for his breach of duty of good faith claim . . . [and] Plaintiff seeks the same amount of damages for this claim as the breach of fiduciary duty claim, approximately $150,000."). Although Plaintiff's claim for breach of fiduciary duty is based on certain language in Washington caselaw characterizing the insurer's duty as "fiduciary relationship," "special fiduciary relationship," and "quasi-fiduciary relationship," *see supra* Section III.A, Plaintiff does not provide any authority recognizing this claim as independent from a claim for breach of the duty of good faith.

Therefore, the Court finds that, under the weight of persuasive authority and the circumstances of this case, Plaintiff's claims for breach of fiduciary duty and breach of the duty of good faith are duplicative, and the claim for breach of fiduciary duty must be dismissed. The

Court notes that Plaintiff will still have his day in court under his other claims, including a claim for breach of the duty of good faith.

### IV.    CONCLUSION

Accordingly, Defendant Allstate Vehicle and Property Insurance Company's Motion to Dismiss (Dkt. No. 7) is GRANTED without leave to amend.

Dated this 6th day of February 2025.

Tana Lin
United States District Judge